BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Appearing Pro Hac Vice*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*Special Counsel for Troy Fox, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>METAL PARTNERS REBAR, LLC,<br>☐ Affects this Debtor.<br><br>☐ Affects Metal Partners Rebar, LLC<br>☐ Affects BGD LV Holding, LLC<br>☐ Affects BRG Holding, LLC<br>☐ Affects BCG Ownco, LLC<br>☒ Affects All Debtors | Case No.: BK-S-20-12878-ABL (Lead Case)<br>Jointly Administered with:<br>Chapter 7<br><br>Jointly administered with:<br><br>Case No. BK-S-20-12876-ABL<br>Case No. BK-S-20-12789-ABL<br>Case No. BK-S-20-12880-ABL<br><br>Date: June 7, 2023<br>Time: 9:30 a.m. |

**OMNIBUS REPLY TO THE LIMITED OPPOSITION TO THE ADVERSARY PROCEDURES MOTION AND JOINDERS FILED BY: INTERMETAL REBAR, L.L.C. [ECF NO. 929]; MULINO TRADING GROUP, LLC [ECF NO. 930]; ADR REBAR, LLC [ECF NO. 931]; AND CONSOLIDATED CONSTRUCTION PRODUCTS, INC. [ECF NO. 933]**

Troy Fox, as Chapter 7 Trustee ("Trustee") of the bankruptcy estates of Metal Partners Rebar, LLC, BGD LV Holding, LLC, BRG Holding, LLC, and BCG Ownco, LLC (collectively, the "Debtors"), by and through his special counsel, Bankruptcy Recovery Group, LLC, hereby respectfully submits this omnibus reply ("Omnibus Reply") to: (i) *Intermetal Rebar, L.L.C.'s Limited Opposition to Chapter 7 Trustee Troy Fox's Motion for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 544, 547 and 55* filed by Intermetal Rebar, L.L.C. ("Intermetal Rebar") [ECF No. 929]; (ii) *Joinder,*

*Opposition, and Non-Consent* filed by Mulino Trading Group, LLC [ECF No. 930]; (iii) *ADR Rebar's Joinder in Intermetal Rebar, L.L.C.'s Limited Opposition to Chapter 7 Trustee Troy Fox's Motion for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 544, 547 and 550* [ECF 931]; and (iv) *Consolidated Construction Products, Inc.'s Joinder in Intermetal Rebar, LLC's Limited Opposition to Chapter 7 Trustee Troy Fox's Motion for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 544, 547 and 550* [ECF No. 933]. This Omnibus Reply is supported by the following memorandum of points and authorities, the record in the above-captioned case, judicial notice, which is hereby requested, and any argument by counsel at the hearing on the *Motion for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 544, 547 and 550* [ECF No. 917] (the "Procedures Motion").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

The Trustee filed 59 Avoidance Actions asserting Chapter 5 Claims. The Procedures Motion seeks to implement substantially the same procedures used by bankruptcy courts throughout the United States, including this Court, to facilitate the resolution of such adversary proceedings in an expeditious and cost-effective manner.[2] Of the 59 defendants that would be subject to the Procedures Motion, only Intermetal Rebar filed a limited objection, Mulino Trading Group, LLC filed a joinder, and ADR Rebar, LLC and Consolidated Construction Products, Inc. filed *untimely* boiler-plate joinders.[3]

Intermetal Rebar objects on three limited bases. First, Intermetal Rebar effectively requests confirmation that Federal Rules of Civil Procedure 12 and 15 will apply to motions to

---

[1] Undefined, capitalized terms used herein have the meanings ascribed to them in the Procedures Motion.

[2] *See, e.g., In re WP Steel Venture LLC, et al.*, Case No. 12-11661 (KJC) (Bankr. D. Del.); *In re VeraSun Energy Corporation et al.*, Case No. 08-12606 (BLS) (Bankr. D. Del.); *In re Semcrude, L.P., et al.,* Case No. 08-11525 (BLS) (Bankr. D. Del.); *In re Fleming Companies, Inc.,* Case No. 03-10945 (MFW) (Bankr. D. Del.); *In re Quebecor World (USA), Inc., et al.,* Case No. 08-10152 (JMP) (Bankr. S.D.N.Y.); *In re Tower Automotive, Inc., et al.,* Case No. 05-10578 (ALG) (Bankr. S.D.N.Y.); *Red Rose, Inc., et al.,* Case No. 20-12814-MKN, ECF Nos. 1929 and 1992 (Bankr. D. Nev).

[3] It is worth noting that each of the four objecting parties have requested and received extensions of the deadline to file an answer or otherwise respond to the complaint.

dismiss and motions to amend or supplement pleadings. *See* ECF No. 929, pp. 3-4. While the Trustee does not agree with Intermetal Rebar's argument, in the interest of resolving this objection, the Trustee has amended the Proposed Order to state as follows:

> The Motion is hereby granted in all respects; provided, however, for the avoidance of doubt, Federal Rules of Civil Procedure 12 and 15 shall apply and shall not be altered by this Order with respect to motions to dismiss or to amend or supplement pleadings.

The revised Proposed Order and redline are attached hereto as Exhibits 1 and 2.[4]

Intermetal Rebar next argues that all mediations should be handled through the Court's free Judicial Settlement Conference program and that mediation statements should not be exchanged between the parties. *See* ECF No. 929, pp. 5 to 7. First, Section D(ii) of the Proposed Order provides that "[a]bsent further order of this Court, the mediators shall be chosen from those listed on **Exhibit 2** hereto (the "Mediators"), unless otherwise mutually agreed by the parties." Thus, the Proposed Order provides a mechanism for Intermetal Rebar to have its mediation conducted by a Judicial Settlement Conference judge.

Second, unless Intermetal Rebar's goal is to needlessly delay resolution of the 59 Avoidance Actions, its arguments make no practical sense. While this Court's Judicial Settlement Conference program is a wonderful resource, it would be impossible to schedule 59 Judicial Settlement Conferences in the next four to six months. And even if some or the majority of the 59 Avoidance Actions could be scheduled for Judicial Settlement Conferences, it seems like a misuse of federal judicial resources to consume all of the valuable Settlement Conference Judges' available time to resolve avoidance actions, many of which have limited disputed legal issues and less than $100,000 at issue, thereby depriving all other bankruptcy cases and adversaries from using the Judicial Settlement Conference program for more than six months.

Furthermore, as a practical matter, not a single Avoidance Action could be set for a Judicial Settlement Conference until after their Scheduling Conferences, all of which are scheduled between July 27, 2023 and August 8, 2023. Thus, the first possible Judicial

---

[4] The revised Proposed Order also incorporates a minor revision requested by Consolidated Construction Products, Inc. confirming the mediation process will begin ninety days after the complaint is filed instead of seventy-five.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

3

Settlement Conference could not occur until mid-August, at the very earliest, and that is only if there are settlement judges available at that time. Conversely, if the Procedures Motion is granted, the mediation process will begin in June 2023, with multiple settlement conferences being scheduled at the end of June and throughout July and August. The established result of the Proposed Procedures is the expedient and cost effective resolution of the Avoidance Actions for all parties, which benefits both the estates and the defendants.

Intermetal Rebar's third objection is that its mediation statement should not be shared with the Trustee. As a preliminary matter, if Intermetal Rebar had made this request of the Trustee, the Trustee would have agreed to make an exception for Intermetal Rebar. However, instead, Intermetal Rebar has chosen to harm the process for all defendants.

Section D(vi) of the Proposed Order provides as follows with respect to the mediation position statements:

> The Trustee and the applicable Defendant shall exchange position statements that contain the following: (a) a brief statement of the nature of the action, (b) a concise summary of the evidence that supports their theory of the case, (c) a discussion of the strongest points in their case, both legal and factual, (d) a history of settlement discussions, and (e) a settlement proposal they believe is fair. The Trustee and the applicable Defendant shall also provide a copy of such position statement to the Mediator, which may not (unless agreed in writing by both parties and the Mediator) exceed ten (10) pages double-spaced five (5) calendar days prior to the scheduled mediation.

The reason the position statements are exchanged between the parties is to allow the parties, who have generally not engaged in extensive and time consuming discovery, to succinctly educate the other party and the mediator about the strength of their claims and defenses and to exchange initial settlement offers in furtherance of facilitating settlement. Notably, unlike with blind Judicial Settlement Conference statements, the mediation position statements **do not** require the parties to disclose confidential information such as: (i) the lowest settlement amount they would take; or (ii) the weaknesses in their cases. Should a defendant desire to share this information with a mediator in advance of a mediation, they are certainly able to do so confidentially and nothing in the Proposed Order precludes such confidential disclosures to the mediator.

Finally, if Intermetal Rebar or the other joining objectors do not want to participate in the mediation process within ninety days after the complaint was filed and would rather engage in traditional, protracted discovery and delay resolution, they are entitled to do so under the Proposed Procedures.

Specifically, Section C(i) of the Proposed Order expressly states:

> If any party to an Avoidance Action requests pre-mediation formal discovery, then:
>
> (i)  Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact and expert discovery in advance of mediation.

In fact, in its joinder, Mulino Trading Group, LLC has exercised this option. As such, there is no prejudice to any of the 59 Defendants and the Proposed Order as modified herein should be approved.

Based on the foregoing, the Trustee requests that the Proposed Order attached hereto as **Exhibit 1** be granted and all remaining objections overruled.

DATED: May 31, 2023

BANKRUPTCY RECOVERY GROUP, LLC

By: /s/ Talitha Gray Kozlowski
TALITHA GRAY KOZLOWSKI, ESQ.
GARRETT NYE, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Special Counsel for Troy Fox, Chapter 7 Trustee*

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119