# EXHIBIT 2

# EXHIBIT 2

BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Appearing Pro Hac Vice*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*Special Counsel for*
*Troy Fox, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-20-12878-ABL (Lead Case) |
|---|---|
| METAL PARTNERS REBAR, LLC, | Jointly Administered with: Chapter 7 |
| ☐ Affects this Debtor. | |
| | Jointly administered with: |
| ☐ Affects Metal Partners Rebar, LLC | Case No. BK-S-20-12876-ABL |
| ☐ Affects BGD LV Holding, LLC | Case No. BK-S-20-12789-ABL |
| ☐ Affects BRG Holding, LLC | Case No. BK-S-20-12880-ABL |
| ☐ Affects BCG Ownco, LLC | |
| ☒ Affects All Debtors | Hearing Date: June 7, 2023<br>Hearing Time: 9:30 a.m. |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ASSOCIATED ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 544, 547 THROUGH 550**

Upon the motion [ECF No. _____] (the "Motion")[1] of Troy Fox, Chapter 7 Trustee ("Trustee") pursuant to 105, 547, 548, 549, and 550 of the Bankruptcy Code, Rules 3003, 7004, 7012, 7016, 7026, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 5005, 7016, 7026, 9006, and 9019 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada; and this Court having jurisdiction to consider and determine the Motion under 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Motion is a core proceeding in accordance with 28 U.S.C. § 157; and it further appearing that the relief requested by the Motion is reasonable, necessary, and in the best interests of all the parties; and good and sufficient notice of the Motion having been given to all persons that may be defendants in the Avoidance Actions as listed on Exhibit A to the Motion (each, a "Defendant" and, collectively, the "Defendants"); and all other necessary parties having been provided good and sufficient notice of the Motion; and all objections to the Motion having been resolved, overruled, or mooted by the provisions contained herein and no further or other notice of the Motion being required; and sufficient and unique cause appearing for the non-material deviations from the Local Rules sought in the Motion, including, without limitation, the fact that Trustee has filed 59 Avoidance Actions;

**IT IS HEREBY ORDERED that**:

1. The Motion is hereby granted in all respects; provided, however, for the avoidance of doubt, Federal Rules of Civil Procedure 12 and 15 shall apply and shall not be altered by this Order with respect to motions to dismiss or to amend or supplement pleadings.

2. Motions generally affecting Defendants in all Avoidance Actions may be filed in the main Chapter 7 Case, *Metal Partners Rebar, LLC.*, Case No. 20-12878-ABL, rather than on the docket of each individual Avoidance Action.

3. This Order and the following streamlined procedures shall apply to all Avoidance Actions.

. . .

---

[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

A. **Waiver of Requirement to Conduct Pretrial Conference.**

Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 (i.e., pretrial conferences), is hereby modified such that unless otherwise ordered by the Court in an individual Avoidance Action, the initial Scheduling Conferences in the Avoidance Actions shall be continued to a date after the Mediation Process has concluded.

B. **Waiver of Requirement to Conduct Scheduling Conference.**

Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) is hereby waived and not applicable with respect to the Avoidance Actions until after the Mediation Process has concluded, except as otherwise set forth in Paragraph C of this Order. Accordingly, parties to the Avoidance Actions shall not be required to submit a written report under Federal Rule of Civil Procedure 26(f) until after the Mediation Process has concluded.

C. **Stay of Discovery.**

The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; provided that the stay of discovery shall in no way preclude, with respect to any Avoidance Action, the Trustee and any Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process; provided further, that the proposed stay also will not preclude either party from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

    i. Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact and expert discovery in advance of mediation; and

    ii. If the non-requesting party does not consent to pre-mediation formal discovery:

        1. The requesting party may request relief from the stay of discovery by filing a motion on shortened time to commence formal discovery that outlines the dispute; and

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

    2. Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (x) continue with informal discovery and the Mediation Process; or (y) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

**D.** <u>**Mediation.**</u>

Any Avoidance Action that has not been settled or otherwise resolved within ~~seventy-five (75~~ninety (90) days after the applicable complaint is filed (except with respect to any Avoidance Action as to which a Scheduling Order has been entered as provided in Paragraph C of this Order or as otherwise agreed in writing by both Trustee and the applicable Defendant) is subject to the following alternative dispute resolution procedures (the "<u>Mediation Process</u>"):

    i. The Avoidance Actions will be mediated via video conference, or if the parties agree, in person in Las Vegas, Nevada.

    ii. Absent further order of this Court, the mediators shall be chosen from those listed on **Exhibit 2** hereto (the "<u>Mediators</u>"), unless otherwise mutually agreed by the parties.

    iii. For each Avoidance Action subject to the Mediation Process, within two (2) weeks from commencement of the Mediation Process, the Defendant shall: (a) choose a Mediator from the list of Mediators; and (b) notify the Trustee of Defendant's choice of Mediator by email to both Garrett Nye at gnye@brg.legal and Talitha Gray Kozlowski at tgray@brg.legal.

    iv. If any Defendant does not timely choose a Mediator, the Trustee shall assign a Mediator to the Avoidance Action.

    v. Upon the selection of a Mediator, the Trustee, working with the Mediators, will commence scheduling the mediation. Each Mediator will provide the Trustee with the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediator and each other regarding the scheduling of the mediation. The Trustee's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator. Mediation

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

      will then be scheduled on a first-come, first-served basis.

  vi.  With respect to each Avoidance Action subject to the Mediation Process (the following, collectively, the "<u>Mediation Procedures</u>"):

1. The Trustee will provide at least twenty-one (21) calendar days' written notice of the date and time of each mediation.

2. The Trustee and the applicable Defendant shall exchange position statements that contain the following: (a) a brief statement of the nature of the action, (b) a concise summary of the evidence that supports their theory of the case, (c) a discussion of the strongest points in their case, both legal and factual, (d) a history of settlement discussions, and (e) a settlement proposal they believe is fair.   The Trustee and the applicable Defendant shall also provide a copy of such position statement to the Mediator, which may not (unless agreed in writing by both parties and the Mediator) exceed ten (10) pages double-spaced five (5) calendar days prior to the scheduled mediation.[2]   The Mediator, however, may require the parties to provide additional papers and exhibits.

3. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and the rules of evidence will not apply (other than Rule 408 of the Federal Rules of Evidence).  The Mediator may implement additional procedures that are reasonable and practical under the circumstances.

4. The Trustee and the applicable Defendant will participate in the mediation as scheduled and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one counsel for each party <u>and</u> a representative of each party having <u>full</u> settlement authority shall attend the mediation.

---

[2] Documents and evidence exchanged between the parties in connection with the position statements should only be provided to the Mediator if critical to ensuring the Mediator fully understands the dispute.

5. In the Mediator's discretion upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location or date.

. . .

6. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

vii.  The fees and costs of the Mediator (the "Mediation Fee") shall be paid by the applicable Estate unless a Defendant cancels or fails to appear at a scheduled mediation without providing at least forty-eight (48) hours' notice to the Trustee and Mediator, in which case the Defendant shall pay the Mediation Fee. One-fourth of the Mediation Fee shall be paid seven (7) calendar days prior to the commencement of mediation (the "Initial Mediation Fee"). The balance of the Mediation Fee shall be paid following conclusion of the mediation pursuant to the terms of an invoice supplied by the Mediator (the "Mediation Fee Balance"); provided, however, that if the parties settle prior to the mediation, the Initial Mediation Fee shall be non-refundable unless the Mediator is informed of the settlement within seven (7) calendar days prior to the scheduled mediation; and the Mediation Fee Balance shall be deemed incurred and non-refundable unless the Mediator is informed of the settlement and cancellation of the mediation twenty-four (24) hours prior to the scheduled mediation. The Mediation Fee shall be fixed as follows:

- Cases with a claim amount (as reflected in the complaint) of $50,000 or less: $2,000 per Avoidance Action, which mediations shall be limited to three (3) hours.
- Cases with a claim amount (as reflected in the complaint) greater than $50,000 up to and including $100,000: $3,000 per Avoidance Action, which mediations shall be limited to five (5) hours.
- Cases with a claim amount (as reflected in the complaint) greater than $100,000 up to and including $250,000: $4,000 per Avoidance Action.

6

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

- Cases with a claim amount (as reflected in the complaint) greater than $250,000 up to and including $1,000,000: $5,000 per Avoidance Action.
- Cases with a claim amount (as reflected in the complaint) greater than $1,000,000: $6,000 per Avoidance Action.
- Defendants that have multiple Avoidance Actions (if any) in the Bankruptcy Cases pending against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.
- If the parties mutually request that a Mediator travel out of their applicable city, and the Mediator agrees to the location, the Mediation Fee shall increase by $1,000.
- Mediations may be continued to a second session upon agreement of all parties. In such case, the Mediation Fee shall be split equally between the applicable Estate and the Defendant.

viii. If a party: (a) fails to submit the required submissions as provided in the Mediation Procedures or as may be agreed to by the Mediator or ordered by the Court; or (b) fails to attend such mediation as required, the non-defaulting party may file a motion for default or a motion to dismiss the Avoidance Action. The Mediator shall promptly prepare a notice for Trustee to file with the Court when any party fails to comply with the mediation provisions set forth in this Order.

ix. No Mediator shall mediate an Avoidance Action in which he/she or his/her law firm represents a party. If a Mediator's law firm represents a Defendant in any other Avoidance Action, such Mediator shall take all steps necessary to establish an ethical wall as required by the Nevada Rules of Professional Conduct, including, but not limited to, the following: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning that adversary proceeding by employees of the law firm shall exclude

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

      the Mediator. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process shall not create a conflict of interest with respect to the representation of any such Defendants by the Mediator's law firm.

  x.  The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of the Mediators' respective law firms. Neither the Mediators nor their respective agents, partners, law firms, or employees (a) are necessary parties in any proceeding related to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted pursuant to this Order. Any documents provided to the Mediator by the parties shall be destroyed thirty (30) calendar days after the mediation is concluded, unless otherwise ordered by the Court. However, a Mediator may be called as a witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as required in this Order.

  xi.  All proceedings and writings incident to the mediation shall be privileged and confidential and shall not be reported or admitted in evidence for any reason whatsoever.

**E.**  **Discovery Schedule.**

Except as provided in a Scheduling Order entered into pursuant to Paragraph C, the Mediation Process for each Avoidance Action must be concluded within on hundred eighty (180) days after the filing of the complaint commencing the applicable Avoidance Action. The following provisions and deadlines shall apply to any Avoidance Action that is not: (i) excepted pursuant to a Scheduling Order entered in accordance with Paragraph C; or (ii) settled prior to or through the Mediation Process.

  i.  The Trustee shall request the scheduling of the initial Scheduling Conference in the

|   |       |                                                                                                                                                                                                                                                  |
|---|-------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |       | Avoidance Action.                                                                                                                                                                                                                                |
|   | ii.   | Unless otherwise agreed, the parties to the applicable Avoidance Action shall provide the disclosures required under Bankruptcy Rule 7026(a)(1) ("Initial Disclosures") ten (10) calendar days after the initial Scheduling Conference.          |
|   | iii.  | Unless otherwise agreed, the parties shall have one hundred and twenty (120) days to complete non-expert fact discovery, including depositions of fact witnesses.                                                                                |
|   | iv.   | Unless otherwise agreed, the standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.                                                           |
|   | v.    | The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions.                                                                                    |
|   | vi.   | The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.                                                                                    |
|   | vii.  | Should a discovery dispute arise, the complainant shall file a motion with the Court to address the dispute.                                                                                                                                     |
|   | viii. | Disclosure and reports of the parties' case-in-chief experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, shall be made to the adverse party thirty (30) calendar days before the close of fact discovery as set in accordance with Paragraph F(iii) above. |
|   | ix.   | Disclosure and reports of the parties' rebuttal experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), shall be made thirty (30) calendar days thereafter.                                                                   |
|   | x.    | All expert discovery, including expert witness depositions, shall be concluded sixty (60) days after the close of fact discovery as set in accordance with Paragraph E(iii) above.                                                               |
|   | xi.   | All dispositive motions shall be filed no later than ninety (90) after the close of fact discovery as set in accordance with Paragraph E(iii) above.                                                                                             |
|   | xii.  | The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable                                                                                                                                                                |

herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

...

F. **Omnibus Hearings for the Avoidance Actions.**

    i. Except as otherwise ordered by the Court, all matters concerning any Avoidance Action shall only be heard at an omnibus hearing before the Honorable August B. Landis (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences, and hearings on motions. The first Avoidance Actions Omnibus Hearing shall be held on _____, 2023 at _____ _.m., the second Avoidance Actions Omnibus Hearing shall be held on _____, 2023, at _____ _.m., and the third Avoidance Actions Omnibus Hearing shall be held on _____, 2023, at _____ _.m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled at the convenience of the Court, but no more frequently than every ninety (90) calendar days.

    ii. The Trustee shall file a report one (1) week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions and contemporaneously shall deliver a copy of the report to the Court's chambers.

    iii. No Defendant is required to appear at any Avoidance Actions Omnibus Hearing unless: (a) a contested motion pertaining to such Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; (b) the Court has directed such Defendant to appear; or (c) the Trustee has provided ten (10) calendar days' prior written notice by email or mail to such Defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Action Omnibus Hearing, the Defendant or its counsel must notify Trustee's counsel of same, in writing, ten (10) calendar days prior to said hearing so that Trustee may properly prepare to address any issues or concerns at the Avoidance Action Omnibus Hearing or in advance thereof. To the extent the Court holds in-

person hearings, any party wishing to participate at an Avoidance Action Omnibus Hearing may do so by telephone by complying with the Court's procedures for telephonic appearance.

 iv. All motions, pleadings, requests for relief, or other materials concerning any Avoidance Action that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at an Avoidance Actions Omnibus Hearing that is at least thirty (30) calendar days after such motion, pleading, request for relief, or other materials are filed and served. This does not limit a party's right to seek expedited consideration of a motion or other request for relief pursuant to Local Rule 9006.

 v. With respect to each Avoidance Action that is not resolved through the Mediation Process or otherwise settled by the Trustee and the applicable Defendant, after all discovery has been completed in accordance with the Scheduling Order, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court may address additional issues arising subsequent to this Order, set additional deadlines as necessary, establish a due date by which the parties must file a joint pretrial order, schedule a trial on the Avoidance Action that is convenient to the Court's calendar, and otherwise address any matter appropriate under Rules 16 or 26 of the Federal Rules of Civil Procedure.

G. **Electronic Service.**

 i. Notice of Avoidance Actions Omnibus Hearings, and any motions or other pleadings filed by Trustee in or related to the Avoidance Actions may be served by ECF or e-mail if the Defendant does not receive ECF service;[3] <u>provided</u> that with respect to each Avoidance Action, a printed copy of the summons and complaint,

---

[3] Any Defendant that is an individual and is not represented by counsel shall not be subject to the provisions of Paragraph G of this Order regarding service by ECF or e-mail, except if such Defendant provides the applicable Designated Notice Party's (as defined below) e-mail address to Trustee on an Information Form (as defined below).

and this Order, shall be served by U.S. Mail, postage prepaid, upon all parties entitled to notice thereof.

ii. The Trustee shall send to each Defendant, together with this Order, a notice and information form, a copy of which is attached hereto as **Exhibit 1** (the "Information Form"), and a pre-addressed, postage prepaid envelope. The Information Form must be completed by or on behalf of each Defendant and returned to the Trustee on or prior to the date on which an answer or other responsive pleading to a complaint is due in accordance with this Order. The Information Form must be completed and returned to the Trustee with valid contact information, including a name, address, phone number, facsimile number (if available), and an e-mail address for the Defendant or the parties designated by the Defendant to be contacted in connection with the Avoidance Actions (each, a "Designated Notice Party"). **Only the Designated Notice Parties listed on the Information Form will receive notice of pleadings, conferences, and other information in connection with the Avoidance Actions. All such documents are subject to service by e-mail.**

iii. Service by e-mail shall be effective as of the date such e-mail is sent to the e-mail address provided by a Defendant in the Information Form.

iv. Parties may serve notices, motions, or pleadings in the Avoidance Actions by electronic means, including email and/or through the Electronic Case Filing System ("ECF"), consistent with Federal Rule of Civil Procedure 5(b)(2)(f), made applicable to the Avoidance Actions by Federal Rule of Bankruptcy Procedure 7005.

H. **Miscellaneous.**

i. The Local Rules shall apply to all Avoidance Actions, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or any other applicable rules and orders.

. . .

. . .

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

. . .

. . .

~~. . .~~

    ii.      The deadlines and procedures contained in this Order may be extended or modified by the Court upon written motion and for good cause shown or by consent of the parties pursuant to a stipulation, which stipulation shall be filed with the Court.

**IT IS SO ORDERED.**

                          BANKRUPTCY RECOVERY GROUP LLC

By: */s/ Talitha Gray Kozlowski*
     TALITHA GRAY KOZLOWSKI, ESQ.
     GARRETT NYE, ESQ.
     7251 Amigo Street, Suite 210
     Las Vegas, Nevada 89119
     *Special Counsel for Troy Fox, Chapter 7 Trustee*

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

**LOCAL RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐     The Bankruptcy Court waived the requirement of approval under LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☐     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order as stated above.

☐     I have certified that under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000